### M'CHESNEY *against* LANSING.

The *eigh-teenth* section of the *act* to extend the jurisdiction of Justices of the Peace," passed the 10th of *April,* 1818, (sess. 41. ch. 94.) requires the justice, after an *appeal* has been made from his Court, to the Court of *Common* Pleas, to return to that Court, the proceedings before him; and among other things, the names of the *witnesses* sworn and examined, and the names of those offered and rejected; *Held,* that by the word *witnesses* was intended, not merely *persons* called to testify and sworn, or rejected, in a technical sense, but *evidence;* and that, therefore, the justice must, in his return, state, not only the names of the persons offered or sworn as *witnesses,* but the *documentary, or written evidence,* admitted or offered, and rejected by him; otherwise, on the trial before the Court of C. P., any *documentary evidence* not stated in the return, cannot be admitted; it being the intention of the act to confine the parties, after the appeal to that Court, to the same issue, and the same evidence taken in the Court below, excepting such evidence only as may have been offered, and improperly rejected by the justice.

IN ERROR to the Court of Common Pleas of *Rensselaer* county.

*M'Chesney* brought an action of trover for a quantity of hay, against *J. Lansing,* in a Justice's Court, and obtained a verdict for *thirty-five* dollars, on which a judgment was rendered by the justice. The defendant, pursuant to the statute, (sess. 41. ch. 94. s. 17, 18.) appealed to the Court of Common Pleas. To the declaration in that Court, the defendant pleaded the general issue; and, on the trial, a verdict was found for the defendant, on which the Court of Common Pleas gave judgment, and that the defendant recover against the plaintiff, 32 dollars and 27 cents costs. At the trial, the plaintiff gave in evidence the return of the justice of the proceedings in the cause before him, which stated the title of the cause, the demands of the parties, the issue joined, a trial by jury, the names of the jurors, the names of the witnesses sworn at the trial, the name of a witness offered and rejected, the verdict, and the judgment thereon. A constable, who had been sworn as a witness before the justice, was, also, sworn as a witness in the Court of C. P., and testified, that he levied on, and sold at public auction, the *hay,* as the property of *H.,* against whom he had an execution, and that *M'Chesney,* the plaintiff, was the purchaser. The plaintiff offered to prove the execution, and give it in evidence, but the counsel for the defendant objected, on the ground, that the execution had not been offered, or given in evidence in the Justice's Court. The Court of C. P. sustained the objection, and overruled

the evidence. The plaintiff's counsel excepted to the opinion of the Court. The jury, under the direction of the Court, found a verdict for the defendant, with six cents costs.

On the return to the writ of error, the cause was submitted to the Court without argument.

SPENCER, Ch. J. delivered the opinion of the Court. "Witnesses," in a technical sense, are persons sworn to testify, or offered to testify in a cause. But it is apparent, that the legislature, in the act under consideration, meant to use the expression in a more comprehensive sense, and as synonimous with *evidence.* The object of the statute is to confine the parties to the same evidence examined before the justice, with the single exception of testimony offered, and improperly excluded by the justice. We, accordingly, decided, in *Rawson* v. *Adams,* (17 *Johns. Rep.* 132.) that the parties were to be confined to the same issue, and witnesses not offered in the Court below, could not be admitted. The admission of documentary evidence not offered in the Justice's Court, stands upon the same ground ; for it may operate as a surprise upon the adverse party, and take him unawares. He may have omitted to adduce witnesses important to him, because the documentary evidence was not offered or given. It would contravene the spirit of the act to admit any evidence not given in the Court below, or offered to be given there.

Judgment affirmed.